LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

EUGENIO VASQUEZ,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class*,

    Plaintiff,

v.

VICTOR'S CAFE 52ND STREET, INC.
    d/b/a VICTOR'S CAFE,
and SONIA ZALDIVAR,

    Defendants.

Case No.: 18-cv-10844

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, EUGENIO VASQUEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, VICTOR'S CAFE 52ND STREET, INC. d/b/a VICTOR'S CAFE ("Corporate Defendant") and SONIA ZALDIVAR ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid wages due to improper rounding of hours worked, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to improper rounding of hours worked, (2) liquidated damages, (3) statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff EUGENIO VASQUEZ is a resident of New York County, New York.

6. Defendants own and operate a restaurant under the trade name "Victor's Cafe" located at 236 West 52nd Street, New York, NY 10019 (hereinafter "Victor's Cafe").

7. Corporate Defendant VICTOR'S CAFE 52ND STREET, INC. d/b/a VICTOR'S CAFE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 236 West 52nd Street, New York, NY 10019. Defendants operate Victor's Cafe through VICTOR'S CAFE 52ND STREET, INC.

8. (i) Individual Defendant SONIA ZALDIVAR is a principal and executive officer of Corporate Defendant and has operational control of Victor's Cafe. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and

2

hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members at Victor's Cafe. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

(ii) Individual Defendant SONIA ZALDIVAR additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members at Victor's Cafe. Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Victor's Cafe are operating efficiently and profitably.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, hosts/hostesses, servers, bartenders, barbacks and delivery workers) employed by Defendants at Victor's Cafe on or after the date

3

that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs"). The FLSA Collective Plaintiffs shall exclude individuals who opts into the collective settlement, pending preliminary approval in *Espinal v. Victor's Cafe 52nd Street, Inc.*, No. 16 Civ. 8057, Dkt. No. 67 (S.D.N.Y. Oct. 25, 2018).

12. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages due to improper rounding of hours worked. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, porters, hosts/hostesses, servers, bartenders, barbacks and delivery workers) employed by Defendants at Victor's Cafe on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members"). The Class in this action shall exclude members of the class settlement, pending

preliminary approval in *Espinal v. Victor's Cafe 52nd Street, Inc.*, No. 16 Civ. 8057, Dkt. No. 67 (S.D.N.Y. Oct. 25, 2018), which include "all individuals who spent at least one day working as a busser and/or food runner at Defendants' restaurant located at 236 West 52nd Street, New York, NY 10019, from June 14, 2011 to October 25, 2018, and who do not opt-out of the [*Espinal* action]."

15. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay them regular and overtime wages due to improper rounding of hours worked, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iii) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and

5

practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

    d) Whether Defendants properly notified Plaintiff and the Class Members of their regular hourly rate and overtime rate;

    e) Whether Defendants paid Plaintiff and the Class Members wages for all hours worked given Defendants' improper rounding of hours worked;

    f) Whether Defendants provided proper wage statements to Plaintiff and the Class Members per requirements of the NYLL; and

    g) Whether Defendants provided proper wage and hour notices to Plaintiff and

the Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

22. From on or about May 16, 2015 until on or about April 6, 2018, Plaintiff EUGENIO VASQUEZ was employed by Defendants to work as a dishwasher at "Victor's Cafe" located at 236 West 52nd Street, New York, NY 10019.

23. From the beginning of his employment with Defendants until in or about August 2017, Plaintiff EUGENIO VASQUEZ had a regular work schedule of eight (8) hours per day, from 3:00 p.m. to 11:00 p.m., for five (5) days per week. From in or about September 2017 until the end of his employment with Defendants, Plaintiff had a regular work schedule of eight (8) hours per day, from 9:00 a.m. to 5:00 p.m., for four (4) days per week. Throughout his employment with Defendants, Plaintiff regularly worked more than his scheduled work hours as needed by Defendants. Based on Plaintiff's observations and conversations with his co-workers, all non-exempt employees at Victor's Cafe regularly worked similar hours.

24. During his employment with Defendants, Plaintiff EUGENIO VASQUEZ was compensated at the following pay rates: (i) $8.75 per hour from May 2015 until December 2015, (ii) $9.00 per hour from January 2016 to June 2016, (iii) $10.00 per hour from July 2016 to December 2016, (iv) $11.00 per hour from January 2017 to December 2017, and (v) $13.00 per hour from January 2018 until the end of his employment with Defendants. Based on Plaintiff's observations and conversations with his co-workers, all non-exempt employees at Victor's Cafe were also paid at similar hourly rates.

25. Throughout his employment with Defendants, Plaintiff EUGENIO VASQUEZ suffered from Defendants' policy that improperly rounded the employees' daily hours worked down to the nearest quarter hour, and then paid wages only for those rounded hours instead of actual hours worked. For example, when Plaintiff worked eight (8) hours and fourteen (14)

minutes on a particular workday, Defendants impermissibly rounded Plaintiff's recorded hours down to eight (8) hours. This rounding policy resulted, over a period of time, in a systematic failure to compensate Plaintiff the prevailing minimum wage or the proper overtime wages for all hours worked.

26. Throughout his employment with Defendants, Plaintiff EUGENIO VASQUEZ regularly observed and spoke to his co-workers about Defendants' pay practices and policies. Based on Plaintiff's direct observations and conversations with other employees at Victor's Cafe, all FLSA Collective Plaintiffs and Class Members similarly suffered from Defendants' common policies that failed to pay proper wages under the FLSA and NYLL.

27. Specifically, based on Plaintiff EUGENIO VASQUEZ's experience and observations during his employment with Defendants, Plaintiff, FLSA Collective Plaintiffs and Class members similarly suffered from Defendants' policy that improperly rounded the employees' daily hours worked down to the nearest quarter hour, and then paid wages only for those rounded hours instead of the actual hours they worked. This rounding policy resulted, over a period of time, in a systematic failure to compensate Plaintiff, FLSA Collective Plaintiffs and Class members the proper regular and overtime wages to which they were entitled. *See Gordon v. Kaleida Health*, 299 F.R.D. 380, 405 (W.D.N.Y. 2014); *Canelas v. World Pizza Inc.*, No. 14 Civ. 7748, 2017 U.S. Dist. LEXIS 50615, *24-27 (S.D.N.Y. Mar. 31, 2017).

28. Throughout his employment with Defendants, Plaintiff EUGENIO VASQUEZ did not receive proper wage and hour notice or wage statements with his wage payments each week. The wage statements failed to accurately reflect Plaintiff's actual hours worked each week due to Defendants' improper rounding of his hours worked.

29. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members for all regular or overtime hours due to Defendants' improper rounding of hours worked, in violation of the FLSA and NYLL.

30. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class Members as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by the employee due to Defendants' improper rounding of hours worked.

31. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notice to Plaintiff and Class Members as required under the NYLL.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiff realleges and reavers Paragraphs 1 through 32 of this Class and Collective Action Complaint as if fully set forth herein.

34. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10

35. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

36. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

37. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to improper rounding of hours worked.

38. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

40. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid

regular and overtime wages due to improper rounding of hours worked, plus an equal amount as liquidated damages.

43. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this Class and Collective Action Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

46. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them for all hours worked due to improper rounding of hours worked, in violation of the New York Labor Law.

47. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the New York Labor Law.

48. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members as required under the New York Labor Law.

49. Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid regular and overtime wages due to improper rounding of hours worked, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid regular and overtime wages caused by Defendants' improper rounding of hours worked under the FLSA and NYLL;

d.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

e.  An award of liquidated damages as a result of Defendants' willful failure to pay wages for all hours worked due to improper rounding of hours worked, pursuant to the FLSA and/or NYLL;

f.  An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

g.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

h.  Designation of this action as a class action pursuant to F.R.C.P. 23;

i.  Designation of Plaintiff as Representative of the Class; and

j.  Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   November 19, 2018              Respectfully submitted,

                                By:   */s/ C.K. Lee*
                                      C.K. Lee, Esq.

                                      LEE LITIGATION GROUP, PLLC
                                      C.K. Lee (CL 4086)
                                      Anne Seelig (AS 3976)
                                      30 East 39th Street, Second Floor
                                      New York, NY 10016
                                      Tel.: (212) 465-1188
                                      Fax: (212) 465-1181

                                      *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*