JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000
Attorneys of Record:
    Adam Gross, Esq.
    Brendan Sweeney, Esq.


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

EUGENIO VASQUEZ,
*on behalf of himself, FLSA collective*
*Plaintiffs and the Class*,

                              Plaintiff,

               -against-                    Civil Action No.:  18-cv-10844

VICTOR'S CAFE 52ND STREET, INC.,
d/b/a VICTOR'S CAFE, and SONIA
ZALDIVAR,

                        Defendants.

------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**


Attorneys of Record:
    Adam Gross, Esq.
    Brendan Sweeney, Esq.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ........................................................................................... i

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

ARGUMENT ................................................................................................................. 2

    A.   Victor's Neutral Rounding Practice is Lawful under the FLSA and NYLL ...................... 3

    B.   Defendants are Entitled to Summary Judgment on Plaintiff's Remaining Claims Because They are Based on His Allegations of Improper Rounding ................................... 6

CONCLUSION................................................................................................................ 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ali v. City of New York,
No. 11 Civ. 5469 (LAK), 2012 U.S. Dist. LEXIS 126233 (S.D.N.Y. Sept. 5, 2012) ...................................................................................................2

Arocho v. Crystal Clear Bldg. Servs., Inc.,
No. 1:12CV2186, 2015 WL 1476785 (N.D. Ohio Mar. 31, 2015)............................................4

Boone v. Primeflight Aviation Servs.,
15-CV-6077 (JMA) (ARL), 2018 U.S. Dist. LEXIS 28000 (E.D.N.Y. Feb. 20, 2018) ...................................................................................................4

Bustillos v. Bd. of Cty. Comm'rs,
No. CIV 13-0971 ...................................................................................................4

Butcher v. Delta Mem'l Hosp.,
No. 5:12CV00241 SWW, 2013 WL 1668998 (E.D. Ark. Apr. 17, 2013)................................4

Canelas v. World Pizza Inc.,
No. 14................................................................................................................5

Connecticut Nat'l Bank v. Trans World Airlines, Inc.,
762 F. Supp. 76 (S.D.N.Y. 1991) ............................................................................2

Contemporary Mission v. United States Postal Serv.,
648 F.2d 97 (2d Cir. 1981)....................................................................................2

Contini v. United Trophy Mfg., Inc.,
No. 6:06-cv-432-OrL-18UAM, 2007 WL 1696030 (M.D. Fla. June 12, 2007).......................3

Corbin v. Time Warner Entm't-Advance/Newhouse P'ship,
821 F.3d 1069 (9th Cir. 2016) ..............................................................................4

East v. Bullock's Inc.,
34 F. Supp. 2d 1176 (D. Ariz. 1998) .....................................................................4

Eastway Constr. Corp. v. City of New York,
762 F.2d 243 (2d Cir. 1985)..................................................................................2

Fraser v. Fiduciary Trust Co. Int'l,
04 Civ. 6958 (PAC), 2009 U.S. Dist. LEXIS 75565 (S.D.N.Y. Aug. 25, 2009)......................3

Gordon v. Kaleida Health,
    299 F.R.D. 380 (W.D.N.Y. 2014).................................................................5

**Statutes**

Fair Labor Standards Act.................................................................1, 3, 4, 5

New York Labor Law.............................................................................1

NYLL.................................................................................1, 3, 5

**Other Authorities**

29 C.F.R. § 785.48(b) (2016).................................................................3, 4

Fed. R. Civ. P. 56...........................................................................1, 2

Fed. R. Civ. P. 56(b)..........................................................................2

Fed. R. Civ. P. 56(c)..........................................................................3

Local Rule 56.1...............................................................................2

Defendants VICTOR'S CAFÉ 52ND STREET, INC. d/b/a VICTOR'S CAFÉ ("Victor's"), and SONIA ZALDIVAR, (collectively, "Defendants"), by their attorneys Jackson Lewis P.C., respectfully submit this Memorandum of Law in support of their motion for summary judgment pursuant to Fed. R. Civ. P. 56 on Plaintiff Eugenio Vasquez's ("Plaintiff") claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

## PRELIMINARY STATEMENT

Plaintiff asserts FLSA and NYLL claims against Defendants alleging that he "suffered" as the result of a "policy that improperly rounded . . . daily hours worked down to the nearest quarter hour, and then paid wages only for those rounded hours instead of actual hours worked." (Complaint, ECF No. 1, at ¶ 25). As discussed below, neutral rounding practices are lawful under both the FLSA and NYLL. Victor's time keeping system recorded Plaintiff's actual punches to the minute. Victor's system rounds time punches – up or down – to the closest quarter hour. The records of Plaintiff's punches, and the time for which he was actually paid, demonstrate that Victor's rounding practice was neutral. Over three years, Plaintiff was actually paid almost exactly the same amount using Victor's neutral rounding practice as he would have been paid if Victor's did not round time punches. Plaintiff's other claims are derivative of his claim of improper rounding. Accordingly, there are no material facts in dispute and Defendants are entitled to judgment as a matter of law.

## STATEMENT OF FACTS

For a complete statement of material undisputed facts, the Defendants rely on their Statement pursuant to Local Rule 56.1 and accompanying declarations and exhibits ("DSOF"). Defendants accept the allegations in Plaintiff's Complaint as true solely for purposes of this motion and reserve the right to controvert such allegations in this and any future proceeding.

## ARGUMENT

Generally, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery. Fed. R. Civ. P. 56(b). The fact that no formal discovery has taken place does not preclude the filing of a motion under Rule 56. See, e.g., Ali v. City of New York, No. 11 Civ. 5469 (LAK), 2012 U.S. Dist. LEXIS 126233, at * 11 n.10 (S.D.N.Y. Sept. 5, 2012) (noting that, "[i]n appropriate circumstances, summary judgment may be granted prior to discovery."). The absence of discovery alone does not bar summary judgment. Connecticut Nat'l Bank v. Trans World Airlines, Inc., 762 F. Supp. 76, 79 (S.D.N.Y. 1991) (holding that the court was not precluded from entering summary judgment due to the fact that no discovery had been conducted). Plaintiff cannot rely on bare allegations to avoid summary judgment, even before discovery. Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 251 (2d Cir. 1985) (dismissing an antitrust claim, stating that "[a] bare assertion that evidence to support a fanciful allegation lies within the exclusive control of the defendants, and can be obtained only through discovery, is not sufficient to defeat a motion for summary judgment."). An "opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions." 6 J. MOORE, FEDERAL PRACTICE P 56.15(3) at 56-486 to 65-487 (2d ed. 1976) (cited by Contemporary Mission v. United States Postal Serv., 648 F.2d 97, 107 n. 14 (2d Cir. 1981)).

2

The Court should grant summary judgment where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). Once the movant establishes there are no fact issues, "the non-moving party may not rely solely on 'conclusory allegations, conjecture, and speculation,' but must present specific facts demonstrating that there is a genuine issue for trial." Fraser v. Fiduciary Trust Co. Int'l, 04 Civ. 6958 (PAC), 2009 U.S. Dist. LEXIS 75565 (S.D.N.Y. Aug. 25, 2009) (quoting Niagara Mohawk Power Corp. v. Jones Chem. Inc., 315 F.3d 171, 175 (2d Cir. 2003)).

Dismissal of Plaintiff's claims is appropriate because there are no disputed material facts.

**A. Victor's Neutral Rounding Practice is Lawful under the FLSA and NYLL**

"Neutral" rounding practices, where the employer rounds time punches both up and down by the same number of minutes, are lawful under both federal and New York law. Federal regulations expressly sanction the rounding of time records to the nearest quarter hour provided the practice "averages out" and does "not result, over a period of time in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b) (2016). The New York Department of Labor follows the principles set forth in 29 C.F.R. § 785.48(b). See Request for Opinion Re: Rounding of Time, R0-09¬0129 (N.Y. Dep't of Labor, Feb. 25, 2010) (Attached to the Declaration of Brendan Sweeney as Attachment A). The New York Department of Labor specifically states: "rounding is commonly accepted in industry at intervals ranging from five to fifteen minutes." (page 2).

Neutral rounding is permitted because such a practice has a neutral effect on worker pay over time – the employee may be overpaid by a few minutes in one pay period, and underpaid by a few minutes in the next pay period. Federal courts consistently grant summary judgment to employers that use neutral rounding practices. See, Contini v. United Trophy Mfg., Inc., No. 6:06-cv-432-OrL-18UAM, 2007 WL 1696030, at *4 (M.D. Fla. June 12, 2007) (policy that

3

rounded time up and down to quarter hour did not violate FLSA); <u>Butcher v. Delta Mem'l Hosp.</u>, No. 5:12CV00241 SWW, 2013 WL 1668998, at *5-6 (E.D. Ark. Apr. 17, 2013) (summary judgment for employer on rounding claim); <u>Bustillos v. Bd. of Cty. Comm'rs</u>, No. CIV 13-0971 JB/GBW, 2015 WL 8014565, at *19-20 (D.N.M. Oct. 20, 2015) (same); <u>see also</u> <u>Arocho v. Crystal Clear Bldg. Servs., Inc.</u>, No. 1:12CV2186, 2015 WL 1476785, at *3-4 (N.D. Ohio Mar. 31, 2015) (denying summary judgment to the plaintiff on rounding claim, noting "the FLSA permits rounding and excluding certain clocked in time"); <u>East v. Bullock's Inc.</u>, 34 F. Supp. 2d 1176, 1184 (D. Ariz. 1998) (denying plaintiff's summary judgment motion finding rounding policy lawful under 29 C.F.R. § 785.48(b) where plaintiff was sometimes underpaid and sometimes overpaid).

In <u>Corbin v. Time Warner Entm't-Advance/Newhouse P'ship</u>, 821 F.3d 1069 (9th Cir. 2016), after reviewing the regulations and decisions cited above, the Ninth Circuit held that a time keeping system that rounded – both forward and backward – to the nearest quarter hour is lawful. Similarly, the court in <u>Boone v. Primeflight Aviation Servs.</u>, 15-CV-6077 (JMA) (ARL), 2018 U.S. Dist. LEXIS 28000 (E.D.N.Y. Feb. 20, 2018), held that "rounding policies that on average, favor neither overpayment nor underpayment of wages are permissible," and an employer only violates the law if its policies "systematically undercompensate" employees. <u>Id.</u> at *15-16 (<u>citing</u> <u>Hinterberger v. Catholic Health Sys.</u>, 299 F.R.D. 22, 52 (W.D.N.Y. Mar. 27, 2014)).

Victor's rounding practice is neutral – all punches are rounded to the nearest quarter hour, whether such rounding benefits the employee or Victor's. This is clear from the records of Plaintiff's punches and pay. At times, Plaintiff was paid for several minutes even though he was not clocked in, while at other times Plaintiff was not paid for several minutes that he was on the

clock.  Over almost three years, the rounding practice balanced out so that Plaintiff was properly compensated for the hours that he worked: Plaintiff worked a total of 5,048.87 hours and he was paid for 5,046.75 hours – a difference of 2.12 hours.  Accordingly, Victor's rounding practice is lawful because it "favors neither overpayment or underpayment."

Plaintiff claims that Victor's only "rounded the employees' daily hours worked down." (Compl. ¶ 25).  The Complaint alleges, based on Plaintiff's "experience and observations," that Victor's practice "resulted, over a period of time, in a systematic failure to compensate Plaintiff, FLSA Collective Plaintiffs and Class members the proper regular and overtime wages to which they were entitled."  (Compl. ¶ 27).  The Complaint cites Canelas v. World Pizza Inc., No. 14 CViv. 7748, 2017 U.S. Dist. Lexis 50615, *24-27 (S.D.N.Y. Mar. 31, 2017).  Canelas confirms the general principle that "rounding practices are not per se unlawful under the FLSA" and "New York's Department of Labor generally follows the FLSA."  Id. at 24-25.  The court granted the plaintiff's motion for summary judgment on a claim based on improper rounding because the defendant could only produce records of "rounded, not actual, hours."  Id. at *26.[1]

In this case, Victor's has produced records of actual hours worked.  These records disprove the allegations in the Complaint.  The records indisputably show that Victor's maintained a neutral rounding practice and paid Plaintiff in accordance with that lawful practice. Plaintiff will not be able to produce evidence to support his allegation that Victor's maintained an improper rounding practice or that his rights under the FLSA or NYLL were violated.

---

[1] The Complaint also cites Gordon v. Kaleida Health, 299 F.R.D. 380, 405 (W.D.N.Y. 2014).  Gordon is inapposite because the court dismissed claims for improper rounding on procedural grounds.

**B. Defendants are Entitled to Summary Judgment on Plaintiff's Remaining Claims Because They are Based on His Allegations of Improper Rounding**

The Complaint alleges Plaintiff "did not receive proper wage and hour notice or wage statements with his wage payments each week." (Compl. ¶ 28). Plaintiff's claims that Defendants violated their obligations to provide wage notices and wage statements are premised on his allegation that Defendants engaged in "improper rounding of his hours worked." (Compl. ¶¶ 28-31).

Defendants are entitled to summary judgment on these claims because, as discussed above, Victor's rounding practices were proper and lawful.

## CONCLUSION

For the reasons set forth herein, the Defendants respectfully request that their motion for summary judgment be granted and that the Complaint be dismissed in its entirety with prejudice and for such further and other relief as the Court deems just and proper.

Dated: New York, New York
          January 11, 2019

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

By: _____
      Adam Gross, Esq.
      Brendan Sweeney, Esq.

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2019, a true and correct copy of the within Memorandum of Law in Support of Defendants' Motion for Summary Judgment was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

C.K. LEE, ESQ.
ANNE SEELIG, ESQ.
LEE LITIGATION GROUP, PLLC
*ATTORNEYS FOR PLAINTIFF, FLSA COLLECTIVE*
*PLAINTIFFS AND THE CLASS*
30 East 39th Street, Second Floor
New York, New York  10016
(212) 465-1188


BRENDAN SWEENEY, ESQ.

4852-2237-8116, v. 1

7