JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000
Attorneys of Record:
     Adam Gross, Esq.
     Brendan Sweeney, Esq.


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

EUGENIO VASQUEZ,
*on behalf of himself, FLSA collective*
*Plaintiffs and the Class,*

                          Plaintiff,

           -against-

VICTOR'S CAFE 52ND STREET, INC.,
d/b/a VICTOR'S CAFE, and SONIA
ZALDIVAR,

                   Defendants.

-------------------------------------------------------------x

Civil Action No.:  18-cv-10844


**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**


Attorneys of Record:
     Adam Gross, Esq.
     Brendan Sweeney, Esq.

Defendants VICTOR'S CAFÉ 52ND STREET, INC. d/b/a VICTOR'S CAFÉ ("Victor's"), and SONIA ZALDIVAR, (collectively, "Defendants"), by their attorneys Jackson Lewis P.C., respectfully submit this Reply Memorandum of Law in support of their motion for summary judgment pursuant to Fed. R. Civ. P. 56 on Plaintiff Eugenio Vasquez's ("Plaintiff") claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

## PRELIMINARY STATEMENT

This is a textbook case for summary judgment. The parties agree on the applicable law and there are no material facts in dispute. Victor's uses a policy that rounded time *punches*, up and down, to the nearest quarter hour. As a result, over approximately 3 years, Vasquez was paid for all of the time he was on the clock except for an immaterial amount. According to Victor's records, Vasquez was on the clock for 5,048.18 hours and he was paid for 5,047.25 hours – a difference of approximately 56 minutes.[1] Plaintiff claims that he was underpaid by "2.95 hours." (Declaration of C.K. Lee, ECF No. 20, Exh. 1). Whether the total impact of the rounding policy was one or three hours is immaterial. Victor's is entitled to summary judgment because these undisputed facts establish that on average, Victor's rounding policy "favor[s] neither overpayment nor underpayment of wages," and there is no basis to conclude that Victor's rounding policy "systematically undercompensate[s]" employees.

---

[1] Defendants prepared a spreadsheet in which they copied data (punches and rounded and un-rounded time) from the time records and then calculated the daily and total impact of the rounding policy. (Ex. B to the Zaldivar Jan. 11 Dec. (ECF No. 16)). There were two typographical errors in the original summary as can be seen by comparing the summary to the actual records. The original summary showed that Plaintiff worked 9 hours and 59 minutes on July 30, 2015, but was only paid for 9 hours and 15 minutes. The actual time records attached to the Zaldivar Jan. 11 Declaration as Exhibit A show that Plaintiff clocked in at 2:58 p.m. on July 30, 2015 and clocked out at 12:14 a.m. That means he worked 9 hours and 16 minutes that day. After rounding, Plaintiff was paid for 9 hours and 15 minutes. Similarly, the original summary showed that Plaintiff worked 9 hours and 25 minutes on August 5, 2017, but was paid for only 9 hours. The actual time records for August 5, 2017 show that Plaintiff clocked in at 3:51 p.m. and clocked out at 1:16 a.m., which is 9 hours and 25 minutes. But the time records reflect that Plaintiff was paid for 9 hours and 30 minutes. Exhibit B to the Zaldivar Jan. 11 declaration is merely a summary of the time records that was prepared to assist with understanding the time records and providing a total of the hours worked and the

## ARGUMENT

**I.    Victor's Neutral Rounding Practice is Lawful under the FLSA and NYLL**

There is no dispute about the law applicable to the issues raised by this Motion. The parties agree: "a time keeping system that round[s] to the nearest quarter hour, both forward and back" is lawful. Plaintiff's Opposition, ECF No. 22, at 4 ("Pl.'s Opp."), citing Corbin v. Time Warner Entm't-Advance/Newhouse P'ship, 821 F.3d 1069 (9th Cir. 2016). The parties also agree that an employer is in compliance with the law if it "applies a consistent rounding policy that, on average, favor[s] neither overpayment nor underpayment." Pl.'s Opp. at 4.

Plaintiff cites Corbin with approval and notes that courts within the Second Circuit "have generally followed the rule in Corbin." Id. The court in Corbin described the employer's rounding policy:

> the system rounds **each time stamp** recorded to the nearest quarter-hour. For example, an employee who clocks in at 8:07 a.m. to begin his workday would see his wage statement reflect a clock-in of 8:00 a.m., rounding his time to the nearest quarter-hour and crediting him with seven minutes of work time for which he was not actually on the clock. Similarly, an employee who clocks out at 5:05 p.m. to end her workday would see her wage statement reflect a clock-out of 5:00 p.m., again rounding her time to the nearest quarter-hour and deducting five minutes of work time for which she was actually on the clock. At the end of each pay period, [the employer's] non-exempt employees are paid in accordance with these rounded figures.

821 F.3d at 1073 (emphasis added).

Victor's uses exactly the same rounding policy as was used by the employer in Corbin. As stated by Victor's Declarant: "Victor's time keeping system rounds **punches** to the nearest quarter hour. **Punches** are rounded both up and down." Zaldivar Jan. 11 Dec., ECF No. 16, at ¶

---

hours paid. A corrected summary is attached to the February 1, 2019 Declaration of Monica Zaldivar as Attachment B.

4 (emphasis added).[2]  The Court need not, however, accept the explanation in the Zaldivar Declaration or make any type of credibility determination.  It is obvious from Vasquez's time records that Victor's uses exactly the same rounding policy as was approved in Corbin and other cases.  (See Defendant's Opening Brief at pages 3-4).

Plaintiff's factual arguments are difficult to comprehend.  Plaintiff seems to be arguing that if the total time Vasquez worked in any given day was rounded by more than 7 minutes that constitutes an "irregular" time entry.[3]  What Plaintiff seems to misunderstand is that it is lawful to apply quarter hour rounding to *each punch*, as long as the policy does not favor overpayment or underpayment over time.  Plaintiff claims: "a total of 142 out of 647 entries, more than a fifth, were rounded by *some other amount than a quarter hour*.  Out of these 142 irregular entries, 85 *were rounded by more than 10 minutes*."  But in each of the purported "irregular entries" compiled by Plaintiff, Victor's applied its lawful policy of rounding each *punch* to the nearest quarter hour.  Plaintiff cannot point to a single example were a *punch* was rounded by more than 7 minutes.

Reviewing the time records for the dates listed by Plaintiff as "irregular entries" confirms that Victor's applied a lawful rounding policy.  For example, on May 30, 2015, Vasquez punched in at 4:20 p.m. and punched out at 1:41 a.m. the next morning.  That means that Vasquez was clocked in for 9 hours and 21 minutes.  But Victor's system rounds the *punches* to the nearest quarter hour, meaning the 4:20 p.m. clock in was rounded to 4:15 p.m. and the 1:41 a.m. clock out was rounded to 1:45 a.m.  As a result, Vasquez was paid for 9 hours and 30

---

[2] Victor's uses a timekeeping system provided by Paychex.  The rounding policy is programed in the Paychex software.  February 1, 2019 Declaration of Monica Zaldivar at ¶ 3.

[3]  Plaintiff states that Defendant claimed that "7 minutes per day" "is the maximum amount of rounded time per day under their rounding policy." (Lee Dec. Att. 1).  Defendant made no such claim.  There were certainly instances where, on a single day, Plaintiff was overpaid, or underpaid, by 10 minutes or more.  That is entirely consistent with a neutral policy that rounds each punch to the nearest quarter hour.

minutes on May 30, 2015 -- 9 minutes more than Vasquez was on the clock that day.  Exhibit 1

to the declaration of C.K. Lee lists May 30, 2015 as a day where Vasquez's "Rounded Amount

of Hours" was "-0.15" (apparently agreeing that Vasquez was paid for 9 minutes more than he

was on the clock as 9 minutes is 0.15 of an hour).

June 11 and June 18, 2015, provide another useful illustration of Victor's lawful policy

and demonstrate the fallacy of Plaintiff's claims.  Plaintiff claims that on June 11, 2015 the

"Rounded Amount of Hours" is ".13," (or 7.8 minutes) but Plaintiff conveniently does not list

June 18, 2015 as an "irregular entry."  Plaintiff claims that June 11, 2015 should be considered

"irregular" because "Defendants' timekeeping system rounded the time *punches* in increments

greater than 7 minute." Pl.'s Opp at 5.  But Victor's system properly rounded each *punch* on

these days to the nearest quarter hour.  On June 11, 2015, Vasquez punched in at 3:57 p.m. and

punched out at 12:05 a.m., which means he was on the clock for 8 hours and 8 minutes.  He was

paid for eight hours because the system rounds the 3:57 punch in to 4:00 p.m. and rounds the

12:05 a.m. punch out to 12:00 a.m.  For June 11, 2015, Vasquez was on the clock for 8 minutes

for which he was not paid.

But just seven days later, on June 18, 2015, rounding led to precisely the opposite result.

On that day, Vasquez punched in at 3:51 p.m. and punched out at 12:13 a.m.  The punch in was

rounded (in his favor) to 3:45 p.m. and the punch out was rounded (in his favor) to 12:15 a.m.

Vasquez was on the clock for 8 hours and 22 minutes, but he was paid for 8 hours and 30

minutes.  So Vasquez was paid for 8 minutes more than the time he was on the clock.  This is

precisely how a lawful rounding system is supposed to work – it averages out over the long term.[4]

Ignoring the evidence and the fact that Plaintiff was on the clock for 5,048.18 hours and was paid for 5,047.25 hours, Plaintiff argues that "Defendants' Rounding Policy Was Not Neutral." Pl.'s Opp. at 7.[5]  The crux of Plaintiff's argument is: "the rounding policy must be analyzed by each pay period to ensure that the employees are fully compensated for all hours worked." Pl.'s Opp. at 8.

The lawfulness of a rounding policy cannot be judged on a daily or weekly basis.  The applicable rule is: "rounding policies that on average, favor neither overpayment nor underpayment of wages are permissible," and an employer only violates the law if its policies "systematically undercompensate" employees. Boone v. Primeflight Aviation Servs., 15-CV-6077 (JMA) (ARL), 2018 U.S. Dist. LEXIS 28000 (E.D.N.Y. Feb. 20, 2018). Indeed, Plaintiff's precise argument was rejected in Corbin because accepting it "would undercut the purpose and would gut the effectiveness of a rounding policy." Id. at 1077.  Just like Vasquez, the plaintiff in Corbin argued that "unless every employee gains or breaks even over every pay period or set of pay periods analyzed, an employer's rounding policy violates the federal rounding regulation." 821 F.3d at 1076.  The court rejected this contention because all that is required is that the policy "average out in the long term." Id. at 1077.  The Court ultimately found that the policy used by

---

[4] Plaintiff also claims that November 5, 2016 is an "irregular entry." (Lee Dec. Ex. 1).  On that day, Vasquez punched in at 3:53 p.m. and, according to the records, punched out at 1:15 a.m.  Based on this, it would seem that Vasquez was on the clock for 9 hours and 22 minutes.  After the time was rounded, he should have been paid for 9 hours and 15 minutes, but he was actually paid for 10 hours and 15 minutes.  The reason for this is that Daylight Savings time ended on November 6, 2016 (Defendants request that the Court take judicial notice of this fact).  When Vasquez punched out, he had actually worked 10 hours and 22 minutes.  His time was correctly rounded so he was paid for 10 hours and 15 minutes.

[5] Plaintiff's Complaint alleged that Plaintiff: "suffered from Defendants' policy that improperly rounded the employee's daily hours worked down to the nearest quarter hour." Compl. ¶ 25.  Plaintiff seems to abandon this theory in his Opposition, as it is obvious that Victor's policy rounds both up and down.

the employer in <u>Corbin</u> is lawful because "sometimes [the employee] gained minutes and compensation, and sometime [the employee] lost minutes and compensation." <u>Id.</u> at 1079; <u>see also</u> <u>Boone</u>, 2018 U.S. Dist. LEXIS 28000, at *22-*28 (rejecting similar argument). Victor's uses an identical rounding policy.

Aside from claiming that he was underpaid "2.95 hours" over three years (Lee Dec. Att. 1), Plaintiff does not address the fact that Victor's rounding policy averaged out in the long run. Over three years, Plaintiff was on the clock for 5,048.18 hours and he was paid for 5,047.25 hours – a difference of approximately 56 minutes.

Accordingly, the Court should grant Defendants' Motion for Summary Judgment.

## II.    Plaintiff Provides No Legitimate Basis To Justify Discovery or Deferring a Ruling on this Motion

Where there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law, there is no reason to impose the costs of discovery on Defendants and no reason to delay a ruling on this Motion. Plaintiff's Opposition ignores the caselaw, cited on page 2 of Defendant's Opening Brief, that recognizes that summary judgment can be appropriate before discovery or conditional certification.

Plaintiff argues that the Court should not decide this Motion because it is based on "documentary evidence that at this stage is entirely unauthenticated." Pl.'s Opp. at 2. This is incorrect. Under Federal Rule of Evidence 901(b)(1), evidence can be authenticated by "testimony of a witness with knowledge." As Director of Operations, Monica Zaldivar is knowledgeable about Victor's Human Resources practices and payroll system. Zaldivar Jan. 11 Dec., ECF No. 16, at ¶ 1. Zaldivar states that the time records attached as Exhibit A to her Jan. 11 Declaration are "true and accurate copies of records that I retrieved from Victor's time

keeping system." Zaldivar Jan. 11 Dec. at ¶ 5. This is sufficient to authenticate the records at the summary judgment stage.

Plaintiff complains that he has not had an opportunity to depose the "custodian of records" to determine "whether the records could be altered." Pl.'s Opp. at 2. But the Complaint does not allege that Victor's altered the Plaintiff's time records. The Complaint is based on a single theory: Victor's "improperly rounded the employees' daily hours worked ***down*** to the nearest quarter hour." (Compl. ¶ 25) (emphasis added). Plaintiff should not be permitted to avoid summary judgment by claiming he needs discovery on issues that are not within the scope of the Complaint.

Plaintiff's main argument seems to be that, as a rule, an employer should be required to produce a "larger pools of records" to justify a rounding policy. Pl.'s Opp. at 3. This cannot be the rule because, as discussed above, rounding policies can be lawful. Plaintiff's rationale is that he "has shown that he was undercompensated under Defendants' rounding policy." Id. But the fact that Plaintiff was "undercompensated" proves nothing. A rounding policy may result in immaterial "under compensation" and still be lawful under the FLSA and NYLL, as is the case here. The records attached to the Zaldivar Jan. 11 Declaration provide more than 1,000 examples where Victor's policy was applied in exactly the same way – ***punches*** are rounded, up or down, to the nearest quarter hour. Victor's carefully followed the law and used a rounding policy that is consistent with federal and state regulations and court decisions. This conduct should not subject Victor's to expensive and intrusive discovery.

## **CONCLUSION**

For the reasons set forth herein, the Defendants respectfully request that their motion for summary judgment be granted and that the Complaint be dismissed in its entirety with prejudice and for such further and other relief as the Court deems just and proper.

Dated: New York, New York
      February 1, 2019

                       Respectfully submitted,

                       JACKSON LEWIS P.C.
                       666 Third Avenue
                       New York, New York 10017
                       (212) 545-4000

      By:         _____/s_____
                       Adam Gross, Esq.
                       Brendan Sweeney, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2019, a true and correct copy of the within Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

C.K. LEE, ESQ.
ANNE SEELIG, ESQ.
LEE LITIGATION GROUP, PLLC
*ATTORNEYS FOR PLAINTIFF, FLSA COLLECTIVE PLAINTIFFS AND THE CLASS*
30 East 39th Street, Second Floor
New York, New York  10016
(212) 465-1188


_____/s_____
BRENDAN SWEENEY, ESQ.


4824-5772-1478, v. 3