UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
EUGENIO VASQUEZ, on behalf of himself,                   :
FLSA Collective Plaintiffs and the Class,                :
                                                         :
                            Plaintiff,                   :     18-CV-10844 (VSB)
                                                         :
                - against -                              :     **OPINION & ORDER**
                                                         :
VICTOR'S CAFE 52ND STREET, INC., et                      :
al.,                                                     :
                                                         :
                            Defendants.                  :
                                                         :
-------------------------------------------------------- X

Appearances:

Anne Melissa Seelig
William Michael Brown
C.K. Lee
Lee Litigation Group, PLLC
New York, New York
*Counsel for Plaintiff*

Brendan M. Sweeney
Adam Simeon Gross
Jackson Lewis P.C.
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Eugenio Vasquez brings this action on behalf of himself and others similarly situated, pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), alleging that Defendants improperly rounded the hours he worked. Before me is Defendants' motion for summary judgment. Because Defendants' rounding policy is consistent, neutral on its face, and neutral as applied, Defendants' motion for summary judgment is GRANTED.

## I. Procedural History

Plaintiff initiated this action by filing the Complaint on November 19, 2018. (Doc. 1.) On January 11, 2019, Defendants filed an answer, (Doc. 13), and simultaneously filed the instant motion for summary judgment, (Doc. 14), before any discovery had occurred. In support of the motion for summary judgment, Defendants submitted two declarations with exhibits, (Docs. 15–16), a Rule 56.1 Statement, (Doc. 17), and a memorandum of law, (Doc. 18). Plaintiff opposed the motion on January 26, 2019 by submitting a declaration with exhibits, (Doc. 20), a Rule 56.1 Counterstatement, (Doc. 21), and a memorandum of law, (Doc. 22). Defendants submitted a reply memorandum and affirmation on February 1, 2019. (Docs. 23–24.)

## II. Legal Standard

Summary judgment is appropriate when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see also* Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id.*, and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

To defeat a summary judgment motion, the nonmoving party "must do more than simply

show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

Additionally, in considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal citation and quotation marks omitted); *see also Matsushita*, 475 U.S. at 587. "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "[C]ourts generally are reluctant to grant summary judgment when the non-moving party has not had an adequate opportunity for discovery," but this "by no means is a prohibition on the entry of judgment" prior to discovery. *Conn. Nat.'l Bank v. Trans World Airlines, Inc.*, 762 F. Supp. 76, 79 (S.D.N.Y. 1991). "In

appropriate circumstances, summary judgment may be granted prior to discovery." *Ali v. City of New York*, No. 11 Civ. 5469(LAK), 2012 WL 3958154, at *3 n.10 (S.D.N.Y. Sept. 5, 2012).

### III. Discussion

#### A. *Local Rule 56.1 Statements*

Defendants assert that when an employee is punching in or punching out, the timekeeping system rounds the punch to the nearest quarter hour, both up and down. (Defs. 56.1 ¶ 5.)[1] Defendants produced records for the entire period during which Plaintiff was employed by them, indicating the exact times that Plaintiff punched in and out on each day that he worked and the actual hours for which he was paid. (*See* Zaldivar Decl. Ex. A.)[2] Based these records, Defendants asserted that during the period he was employed by Defendants, from May 26, 2015 through April 6, 2018, Plaintiff "worked a total of 5,048.87 hours," and he "was paid for 5,046.75 hours – a difference of 2.12 hours." (Defs. 56.1 Statement ¶ 8.) Defendants later submitted a declaration to correct two errors underlying that calculation, and attached exhibits demonstrating that Plaintiff actually worked a total of 5,048.18 hours and was paid for 5047.25, which means during the approximately three years that he was employed by Defendants, he was undercompensated by approximately fifty-six minutes. (*See* Zalvidar Reply Decl. ¶¶ 5–6.)[3]

Plaintiff purports to dispute these facts, but his Rule 56.1 Counterstatement is materially deficient and falls short of the standard set forth in Local Rule 56.1(d), which requires that "any statement controverting a statement of material fact 'must be followed by citation to evidence which would be admissible.'" *Lee v. Marvel Enters., Inc.*, 386 F. Supp. 2d 235, 244 (S.D.N.Y.

---

[1] "Defs. 56.1 Statement" refers to the Statement of Material Facts Pursuant to Rule 56.1 on Behalf of Defendants, filed January 11, 2019. (Doc. 17.)

[2] "Zaldivar Decl." refers to the Declaration of Monica Zaldivar, filed January 11, 2019. (Doc. 16.)

[3] "Zaldivar Reply Decl." refers to the Declaration of Monica Zaldivar, filed February 1, 2019. (Doc. 24.)

2005) (quoting Rule 56.1(d), Local Rules of the United States District Courts for the Southern and Eastern Districts of New York); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (noting that district courts interpret Rule 56.1 "to provide that where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion" (internal quotation marks omitted)).

Indeed, only one of Plaintiff's statements controverting Defendants' Rule 56.1 Statement is supported by any citation at all. The citation is to an exhibit to a declaration submitted by one of his attorneys ("Lee Declaration"). (*See* Pl. 56.1 Counterstatement ¶ 5 (citing Lee Decl. Ex. 1).)[4] This exhibit, which is labeled "Summary of Irregular Entry Analysis," would not be admissible evidence, because it is not based on "personal knowledge," as required by Rule 56(c) of the Federal Rules of Civil Procedure. *See Echevvaria v. Diversified Consultants, Inc.*, No. 13 Civ. 4980 (LAK), 2014 WL 12783200, at *2 (S.D.N.Y. Apr. 22, 2014). Plaintiff cites to no part of the record in support of his statement purportedly controverting Defendants' statement regarding the number of hours Plaintiff actually worked and the number of hours for which he was paid. (*See* Pl. 56.1 Counterstatement ¶ 8.)

Plaintiff could have submitted an affidavit from himself, averring that the records produced by Defendants were inconsistent with his own records or memory of the hours he worked. However, Plaintiff submitted no affidavit from himself—or anyone else with knowledge of the records submitted by Defendants—that would support a finding that they were inaccurate. Defendants, on the other hand, submitted a declaration from the Director of Operations of Defendant Victor's Café 52nd Street, Inc., who is responsible for Defendants'

---

[4] "Lee Decl." refers to the Declaration of C.K. Lee, filed January 26, 2019. (Doc. 20.) "Pl. 56.1 Counterstatement" refers to Plaintiff's Response to Defendants' Statement of Material Facts Pursuant to Local Rule 56.1. (Doc. 21.)

Human Resources and payroll, and who swore to the accuracy of the records. (*See* Zaldivar Decl. ¶ 5.)

Accordingly, I deem all of the facts asserted in Defendants' 56.1 Statement to be admitted by Plaintiff.

### B. *Improper Rounding Claims*

#### 1. Applicable Law

"Rounding practices are not *per se* unlawful under the FLSA." *Canelas v. World Pizza, Inc.*, No. 14 Civ. 7748 (ER), 2017 WL 1233998, at *10 (S.D.N.Y. Mar. 31, 2017) (internal quotation marks omitted). "For more than fifty years, a federal regulation has endorsed the use of 'Rounding' practices." *Corbin v. Time Warner Entm't–Advance/Newhouse P'ship*, 821 F.3d 1069, 1075 (9th Cir. 2016) (internal quotation marks omitted). That Department of Labor regulation states:

> It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work. For enforcement purposes this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.

29 C.F.R. § 785.48(b) ("Federal Rounding Regulation"); *see also* U.S. Dep't of Labor, Opinion Letter Fair Labor Standards Act (FLSA) (July 1, 2019), 2019 WL 2914105, at *1 ("It has been our policy to accept rounding to the nearest . . . one-quarter of an hour . . . as long as the rounding averages out so that the employees are compensated for all the time they actually work." (citing *Corbin*, 821 F.3d at 1077–79)).

Few district courts in this circuit have addressed the validity of employer rounding practices under the FLSA, and the Second Circuit has not addressed them at all. *See*

6

*Hinterberger v. Catholic Health Sys.*, 299 F.R.D. 22, 52 (W.D.N.Y. 2014) (noting that, as of 2014, "no court in this Circuit ha[d] been asked to address" the standard announced in § 785.48(b)). In 2016, the Ninth Circuit examined § 785.48(b) in *Corbin v. Time Warner Entertainment–Advance/Newhouse Partnership*, and found that a neutral time-keeping system that "permit[s] both upward and downward rounding" of each punch to the nearest quarter hour was permissible under the FLSA. 821 F.3d at 1075–77.

After carefully reviewing *Corbin*'s reasoning, a district court in the Eastern District of New York recently granted summary judgment in a defendant's favor because its "rounding policy was neutral on its face and in application and did not result in the systematic undercompensation of its employees." *Boone v. PrimeFlight Aviation Servs., Inc.*, No. 15-CV-6077 (JMA) (ARL), 2018 WL 1189338, at *5–7, 14 (E.D.N.Y. Feb. 20, 2018), *report and recommendation adopted*, 2018 WL 1187402 (E.D.N.Y. Mar. 7, 2018). Courts around the country have come to similar conclusions. *See id.* at *7 (collecting cases).

### 2. Application

As discussed above, Plaintiff is deemed to have admitted that Defendants' timekeeping system rounds each punch up or down to the nearest quarter hour. *See supra* Part III.A. This is precisely the type of policy found to be permissible under the FLSA by the *Corbin* and *Boone* courts. *Corbin*, 821 F.3d at 1078, 1085; *Boone*, 2018 WL 1189338, at *1, 14; *see also* Request for Opinion Re: Rounding of Time, R0-09-0129 (N.Y. Dep't of Labor, Feb. 25, 2010) (letter from N.Y. Department of Labor stating that "rounding is commonly accepted in industry at intervals ranging from five to fifteen minutes"), *available at* https://www.labor.ny.gov/legal/counsel/pdf/Other/RO-09-0129%20-%20Rounding%20of%20Time.pdf (last visited Sept. 25, 2019). Defendants' policy is therefore neutral on its face. *See also Corbin*, 821 F.3d at 1078–79

7

(finding a rounding policy facially neutral because it was "not the sort that systematically undercompensates employees by only rounding down" (internal quotation marks omitted)).

Plaintiff is also deemed to have admitted that Defendants' timekeeping system undercompensated him by less than three hours over the course of three years. *See supra* Part III.A. In light of this *de minimis* undercompensation, Defendants' policy was neutral in its application to Plaintiff. *See Corbin*, 821 F.3d at 1079 (finding a rounding policy neutral as applied where plaintiff was undercompensated by $15.02 over thirteen months); *Boone*, 2018 WL 1189338, at *8–9 (finding a rounding policy neutral as applied where plaintiff was undercompensated by $82.17 over twenty-six months).

Relying on the *Corbin* court's statement that an employer complies with the Federal Rounding Regulation if it "applies a consistent rounding policy," Plaintiff goes to great lengths attempting to demonstrate that Defendants' rounding policy is "inconsistent" and "incomprehensible." (*See* Pl. Mem. 4–7 (citing *Corbin*, 821 F.3d at 1076).)[5] Plaintiff argues that, under a policy that rounds to the nearest quarter hour, each round should not exceed seven minutes, and so an employee should never be under or overpaid by more than seven minutes for a given shift. (*Id.* at 4–5.) Plaintiff then identifies 142 of 647 entries in which Plaintiff was under or overpaid by more than seven minutes. Plaintiff's calculations ignore the fact that each shift includes *two* potential instances of rounding by seven minutes—once at the beginning of the shift and once at the end. Accordingly, under Plaintiff's own logic, only shifts in which Plaintiff was under or overpaid by fifteen or more minutes would be irregular under Defendants' policy. I have reviewed Plaintiff's payment records provided by Defendants, (*see* Zaldivar Decl. Ex. A),

---

[5] "Pl. Mem." refers to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, filed January 26, 2019. (Doc. 22.)

8

and I find that Defendants have adequately explained the handful of irregularities that occurred among the 647 total entries. (*See* Zaldivar Decl. ¶¶ 7–8; Defs. 56.1 Statement ¶¶ 7–8; Zaldivar Reply Decl. ¶ 5; Defs. Reply Mem. 1 n.1.)[6]

Plaintiff also argues that Defendants' rounding policy is unlawful because Plaintiff was undercompensated in more weeks than he was overcompensated. (*See* Pl. Mem. 7–8.) Plaintiff argues that "the rounding policy must be analyzed by each pay period to ensure that employees are fully compensated for all hours worked." (*Id.* at 8.) This is exactly the type of argument that both the *Boone* and *Corbin* courts "expressly rejected." *See Boone*, 2018 WL 1189338, at *6 (citing *Corbin*, 821 F.3d at 1077). The *Corbin* court noted that "[i]f the rounding policy was meant to be applied individually to each employee to ensure that no employee ever lost a single cent over a pay period, the [Federal Rounding R]egulation would have said as much." *Corbin*, 821 F.3d at 1077. Accordingly, this argument also fails.

For the reasons stated above, I find that there is no dispute of material fact as to whether Defendants applied a rounding policy that rounded each punch either up or down to the nearest quarter hour, and that the policy was consistent, neutral on its face, and neutral as applied.

    **C.**    *Additional Discovery*

Plaintiff argues that Defendants' motion is premature, because Plaintiff has not had the opportunity to conduct discovery. (Pl. Mem. 2–3.) As an initial matter, I note that Plaintiff made no motion for additional discovery. Even if I were to construe Plaintiff's opposition memorandum and the Lee Declaration that accompanied it, (*see* Lee Decl. ¶¶ 5–10), as a motion, a party seeking additional discovery must explain "(1) what facts are sought and how they are to

---

[6] "Defs. Reply Mem." refers to Defendants' Reply Memorandum of Law in Support of Motion for Summary Judgment, filed February 1, 2019. (Doc. 23.)

be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989).[7]

The Lee Declaration does not explain Plaintiff's counsel's efforts to obtain the information he asserts is necessary to oppose Defendants' motion or why he was unsuccessful in those efforts. Without explanation, the Lee Declaration makes the conclusory statement that because "Defendants' allegations regarding their rounding policy contradict Defendants' own records, Plaintiff cannot adequately address Defendants' motion without first identifying Defendants' actual policy through document discovery and depositions." (*See* Lee Decl. ¶ 6.) "[C]onclusory allegations of incomplete discovery" do not meet the requirements of Rule 56(d). *Busher v. Barry*, No. 14-cv-4322 (NSR), 2016 WL 1249612, at *4 (S.D.N.Y. Mar. 28, 2016) (considering a motion for summary judgment before formal discovery had been conducted because Plaintiff's declaration listed the issues on which discovery was sought, but did not "explain who would be deposed, how the facts sought would create an issue of material fact, or what efforts have been made thus far to obtain information on the listed issues"); *see also DePaola v. City of New York*, No. 13 Civ. 315(KBF), 2013 WL 5597465, at *5 (S.D.N.Y. Oct. 9, 2013) (granting summary judgment and denying a request for additional discovery because "general descriptions of the broad categories of discovery plaintiff would like to propound provide[] an insufficient basis under Rule 56(d)"), *aff'd*, 586 F. App'x 70 (2d Cir. 2014).

As discussed above, Plaintiff's arguments regarding the inconsistency of Defendants'

---

[7] I note that Plaintiff makes no attempt to articulate the legal standards setting forth the circumstances under which a party is entitled to discovery, and provides no legal authority in support of his request, as required by Local Rule 7.1.

rounding policy were based on incorrect assumptions and calculations. *See supra* Part III.B.2. Plaintiff failed to submit any evidence suggesting that Defendants' employment records for him were inaccurate, such as a declaration from Plaintiff himself or any other employee averring that the records did not accurately reflect the hours that he worked. Plaintiff's "speculation as to what potentially could be discovered" is insufficient to provide a basis for additional discovery under Rule 56(d), as is his "bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (internal quotation marks omitted).

Accordingly, the affidavit from Plaintiff's counsel fails to demonstrate how the facts he seeks "are reasonably expected to create a genuine issue of material fact." *Hudson River Sloop Clearwater*, 891 F.2d at 422. To the extent that Plaintiff's papers can be construed as a motion for additional discovery under Rule 56(d), that motion is denied.

### D. *Other Claims*

Defendants argue that Plaintiff's remaining claims, including that Defendants failed to provide proper wage notices and wage statements, are premised on his allegation that Defendants engaged in improper rounding, and they move for summary judgment on those claims as well. (*See* Defs. Mem. 6.)[8] Plaintiff does not dispute this characterization of his claims. (*See* Pl. Mem. 9.) Instead Plaintiff argues that Defendants have failed to demonstrate that there is not dispute of material fact as to their rounding practice. (*Id.*) Because I have already granted summary judgment on Plaintiff's improper rounding claim, Defendants' motion for summary judgment on Plaintiff's remaining claims is also granted.

---

[8] "Defs. Mem." refers to Memorandum of Law in Support of Motion for Summary Judgment. (Doc. 18.)

## IV. **Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

The Clerk of Court is respectfully directed to terminate all open motions and to close this case.

SO ORDERED.

Dated: September 26, 2019
       New York, New York

_____
Vernon S. Broderick
United States District Judge